holding in *Ybarra* v. *Illinois,* 444 U. S. 85 (1979), that police could not frisk all persons present in a public tavern while executing a search warrant based merely on their presence there applies where a search warrant for drugs is executed in a private home. The court below distinguished *Ybarra* on the grounds that occupants found in a private residence, unlike those found in a public tavern, are "very likely" to be associated with any illegal narcotics activity on the premises and thus likely to be armed and dangerous. 172 Wis. 2d, at 98, 492 N. W. 2d, at 316; accord, *Alamont, supra,* at 668; *Zearley, supra,* at 357; *Thurman, supra,* at 824–825, 257 Cal. Rptr., at 520–521. The Washington Supreme Court in *Broadnax,* however, rejected this reasoning and held *Ybarra* to be controlling. *Broadnax, supra,* at 295, 654 P. 2d, at 101.

In my view, the issue is of significant practical importance to law enforcement officers executing search warrants and to the citizens they encounter while doing so. I would grant certiorari to resolve the constitutional question.

No. 92–8725 (A–890). ZUCKERMAN *v.* UNITED STATES. C. A. 3d Cir. Application for stay, addressed to THE CHIEF JUSTICE and referred to the Court, denied. Certiorari denied. 

No. 92–1309. MCFERREN *v.* UNITED STATES, 508 U. S. 906;

No. 92–1532. MARITIME OVERSEAS CORP. ET AL. *v.* HAE WOO YOUN, 508 U. S. 910;

No. 92–1542. TIJERINA *v.* STOWBRIDGE, 508 U. S. 910;

No. 92–7683. DIAZ *v.* CALIFORNIA, 508 U. S. 916;

No. 92–7729. VITANZA *v.* ABRAMS, ATTORNEY GENERAL OF NEW YORK, 508 U. S. 916;

No. 92–7789. BLAIR *v.* ARMONTROUT, ASSISTANT DIRECTOR/ ZONE II, MISSOURI DIVISION OF ADULT INSTITUTIONS, ET AL., 508 U. S. 916;

No. 92–7988. COOPER *v.* KANSAS, 508 U. S. 919;

No. 92–7994. ABATE *v.* IMMIGRATION AND NATURALIZATION SERVICE, 508 U. S. 919;

No. 92–8054. SIMMONS *v.* HENRY FORD HOSPITAL, 508 U. S. 921;

No. 92–8127. MALIK *v.* DUCHARME, SUPERINTENDENT, WASHINGTON STATE REFORMATORY, 508 U. S. 924;

No. 92–8162. JOHNS *v.* DUFNER CATERING CENTER ET AL., 508 U. S. 925;

No. 92–8181. MCGRAW ET AL. *v.* UNITED STATES, 508 U. S. 926;

No. 92–8236. ROBBINS *v.* LEWIS, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS, ET AL., 508 U. S. 928; and

No. 92–8266. MARKS *v.* OKLAHOMA TAX COMMISSION, 508 U. S. 943. Petitions for rehearing denied.

JUNE 28, 1993

No. 91–882. LEWY ET AL. *v.* VIRGINIA DEPARTMENT OF TAXATION. Sup. Ct. Va. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Harper* v. *Virginia Dept. of Taxation, ante,* p. 86.

No. 91–1436. SWANSON ET AL. *v.* NORTH CAROLINA ET AL. Sup. Ct N. C. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Harper* v. *Virginia Dept. of Taxation, ante,* p. 86.

No. 91–1473. SHEEHY ET AL. *v.* MONTANA DEPARTMENT OF REVENUE. Sup. Ct. Mont. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Harper* v. *Virginia Dept. of Taxation, ante,* p. 86.

No. 91–1697. BASS ET AL. *v.* SOUTH CAROLINA ET AL. Sup. Ct. S. C. Motion of Tax Section, South Carolina Bar, for leave to file a brief as *amicus curiae* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Harper* v. *Virginia Dept. of Taxation, ante,* p. 86.

No. 91–1913. OHIO *v.* DEMUTH. Ct. App. Ohio, Erie County. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *United States* v. *Dixon, ante,* p. 688.

No. 91–1924. AYUDA, INC., ET AL. *v.* RENO, ATTORNEY GENERAL, ET AL. C. A. D. C. Cir. Certiorari granted, judgment